UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VERA BRADLEY DESIGNS, INC., | ) | |
| | ) | Case No. 20-cv-2550 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| AIXIN LI, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vera Bradley Design, Inc. ("Vera Bradley") brought this lawsuit against individual defendants Aixin Li, Brian Benson, Danny Lu, Kevin Lu, Xia Lu (aka Xia Liu), Weina Niu, and Yanzin Yang for trademark counterfeiting, trademark infringement, unfair competition, false design of origin, and copy infringement, along with state law claims, based on defendants' unlawful sale of counterfeit Vera Bradley® goods. Before the Court is defendants' motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies defendants' motion.

**Background**

In its complaint, Vera Bradley explains that it is a premier designer and manufacturer of unique, high quality bags, luggage, and accessories that are recognizable to consumers because of their creative patterns and designs. According to Vera Bradley, it has taken numerous steps to protect its Vera Bradley® trademarks, including registering or seeking to register its marks with the United States Patent and Trademark Office ("USPTO"). Specifically, Vera Bradley owns 25 federal trademark registrations and has seven pending applications in the USPTO for variations of the Vera Bradley® trademark. In addition, Vera Bradley protects its creative patterns and designs by registering them with the United States Copyright Office and currently owns more than 1,000

copyright registrations for its patterns and designs. Due to its unique business plan, Vera Bradley exercises tight control over the sale of its goods online.

In 2010, Vera Bradley became aware that defendant Xia Lu was selling counterfeit Vera Bradley® products at her retail store, Mint Boutique, in Arlington Heights, Illinois. Vera Bradley then sent Mint Boutique a cease and desist letter demanding the store stop the sale of counterfeit Vera Bradley® goods. Shortly thereafter, Mint Boutique moved its store location to the residential home of defendants Xia Lu and Brian Benson in Hoffman Estates, Illinois. Mint Boutique later shut down, after which Vera Bradley thought defendants Xia Lu and Brian Benson's sale of counterfeit goods had stopped.

Later, however, Vera Bradley discovered that defendants Xia Lu, Brian Benson, Aixin Li, Kevin Lu, and Danny Lu were selling counterfeit Vera Bradley® goods online via eBay, Facebook, Mercari, and Poshmark. Vera Bradley uncovered these sales of counterfeit Vera Bradley® goods by identifying defendants' user names with various online market places, as well as defendants' third-party online retail seller accounts. As to defendants Weina Nu and Yanzin Yang, Vera Bradley alleges that they owned various eBay seller accounts that had counterfeit Vera Bradley listings. Via eBay's Verified Rights Owner Program (VeRO), Vera Bradley alleges that it has taken down hundreds of counterfeit listings under the seller accounts linked to defendants Xia Lu, Brian Benson, Aixin Li, Kevin Lu, Danny Lu, Weina Nu, and Yanzin Yang.

Vera Bradley further asserts that in 2015 Aixin Li imported hundreds of counterfeit Vera Bradley® goods from China that the U.S. Customs and Border Patrol seized. These counterfeit products were being shipped to the home of Aixin Li and Kevin Lu in Hoffman Estates. Similarly, in 2018, Xia Lu imported counterfeit Vera Bradley® goods imported from China that U.S. Customs and Border Patrol seized.

2

Based on these allegations, Vera Bradley brings six claims against all of the defendants: (1) trademark counterfeiting; (2) trademark infringement; (3) copyright infringement; (4) false designation or origin and unfair competition; (5) deceptive business practices under Illinois law; and (6) common law unfair competition.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

In their motion to dismiss, defendants argue that Vera Bradly blurs defendants' identities making it impossible for them to know which allegations apply to them. In making this argument, defendants ignore the factual background of the complaint, which contains over fifty paragraphs of detailed allegations explaining how each defendant played a part in selling counterfeit Vera Bradley® goods imported from China. As discussed, U.S Customs seized counterfeit Vera Bradley® goods ordered and/or shipped to Aixin Li, Kevin Lu, and Xia Lu from China. Vera Bradley also discovered defendants Xia Lu, Brian Benson, Aixin Li, Kevin Lu, and Danny Lu were selling counterfeit Vera Bradley® goods online via eBay, Facebook, Mercari, and Poshmark and that

defendants Weina Nu and Yanzin Yang owned various eBay seller accounts that posted counterfeit Vera Bradley listings. Through eBay's Verified Rights Owner Program (VeRO), Vera Bradley has taken down hundreds of counterfeit Vera Bradley listings under the seller accounts linked to defendants Xia Lu, Brian Benson, Aixin Li, Kevin Lu, Weina Nu, and Yanzin Yang. And, at the beginning of the complaint's factual background, Vera Bradley discusses Xia Lu's sale of counterfeit Vera Bradley® products at her retail store, Mint Boutique, in Arlington Heights and later Xia Lu's and Brian Benson's sale of counterfeit Vera Bradley® goods at their home in Hoffman Estates. Under the circumstances, defendants' argument that the complaint did not distinguish between the seven defendants is without merit. The Court denies this aspect of defendants' motion.

Next, defendants argue that the Court should dismiss Vera Bradley's complaint because it fails to sufficiently identify the rights that were allegedly infringed. More specifically, defendants argue that the complaint fails to allege what counterfeit product actually infringes an identified copyright or trademark. It appears that defendants take issue with the fact that Vera Bradley did not link up the exact copyright or trademark registration to the exact counterfeit goods to defendants' satisfaction.

To give context, in the 28-page complaint, Vera Bradley lists and describes in detail the registrations that are most relevant to the present lawsuit. Attached to the complaint are trademark registration certificates and copyright registrations of Vera Bradley's unique patterns and designs, including the designs themselves, that are at issue in this lawsuit. Vera Bradley also details the exact counterfeit products it purchased from defendants' seller accounts on eBay linking the seller accounts to the individual defendants.

Under the federal pleading standards, and viewing the detailed allegations and all reasonable inferences in Vera Bradley's favor, it has adequately alleged its claims under *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Despite defendants' arguments to the contrary, the complaint and the attachments clearly define the trademark and copyright registrations at issue, along with the infringing counterfeit products. Defendants' argument that Vera Bradley must do more is unavailing.

**Conclusion**

For the foregoing reasons, the Court denies defendants' Rule 12(b)(6) motion to dismiss [32]. The Court denies Vera Bradley's request for attorney's fees.

IT IS SO ORDERED.

Date: 8/14/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge