**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **VERA BRADLEY DESIGNS, INC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 20 C 2550** |
| | ) | |
| **v.** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **AIXIN LI, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On April 20, 2021, the plaintiff filed a motion to extend the discovery deadline by at least 60 days. At that time, discovery was set to close on May 1, 2021 [Dkt. #91], and plaintiff had filed a motion on April 16th for "terminating sanctions" – better know as default judgment – against the defendants under Fed.R.Civ.P. 37(b)(2) (Failure to Comply with a Court Order). According to the plaintiff's supporting memorandum, it knew defendants had purportedly failed to comply with the order of March 1st as of March 22nd [Dkt. #103, at 4], as well as knowing that discovery closed on May 1st. Still, the plaintiff waited a month to request an extension.

Plaintiff wants either (1) a 60-day extension of discovery from the date defendants comply with the March 1st Order, or (2) a 60-day extension from the date the court rules on its motion for default judgment. Defendants argued that plaintiff didn't even bother to meet and confer over the alleged deficiencies, of course, and completed document production thereby complying with the order. [Dkt. ##95, 105].

When Judge Coleman held a hearing on the plaintiff's motion for default, the parties were amenable to complying with Local Rule 37.2 (which, after all, is mandatory) and they met and

conferred over the alleged deficiencies in production. That is a step forward over where the parties were when this dispute was before me, and basically unable to agree on anything – down to whether answers were verified, and unwilling to reasonably follow through on a glitched Local Rule 37.2 teleconference. [Dkt. #59, at 5; #62, at 2-3; #90, at 3]. That change of heart is likely owing to the difference between the fee-shifting and sanctions provisions under Fed.R.Civ.P. 37. Courts have treated Fed.R.Civ.P. 37(a)(5) as a fee-shifting provision rather than a sanction, and one which magistrate judges can handle to completion on a discovery referral. *See, e.g., Hangzhou Aoshuang E-Com. Co. v. 008Fashion*, 336 F.R.D. 154, 156 (distinguishing fee-shifting from sanctions); *Cage v. Harper*, 2020 WL 1248685, at *5 (N.D. Ill. 2020)(collecting cases on Rule 37(a)(5)). Fed.R.Civ.p. 37(b), on the other hand, allowing for default judgment or dismissal of a case for failure to comply with a court order is more along the lines of a contempt proceeding, and ends the case, and courts have treated that as a dispositive matter, *see* Fed.R.Civ.P. 72(b), which can only be addressed through a referral for a report and recommendation, which the district court judge generally asks for and then reviews *de novo. See, e.g., Stewart v. Credit Control, LLC*, 2020 WL 3843663, at *1 (N.D. Ill. 2020); *Fed. Trade Comm'n v. 6654916 Canada, Inc*., 2010 WL 2925693, at *3 (N.D. Ill. 2010).

Defendants made a supplemental production of documents on May 4th, and then agreed to continue their document search for another supplemental production. As such, the parties combined to ask that any hearing on the motion for default be postponed until May 21st to allow for any additional document production and review by plaintiff. [Dkt. #109]. While these efforts are appreciated, they would have been much more appropriate at the end of last year.

In any event, things are in a state of flux and it is impossible to say for now whether or how

much more time will be needed for discovery. According to the plaintiff, defendants' purported failure to comply with the March 1st Order has prevented them from "mov[ing] forward with depositions and third party discovery." Plaintiff is not clear as to what depositions and third party discovery it has not yet taken, or why it left those items until so late in the game. Presumably, they do not all hinge on whatever documents plaintiff feels defendants have not provided. Discovery was not "stayed" while plaintiff gathered itself to file its motion for default.

Nevertheless, the plaintiff's motion for default did have an effect on these proceedings. Perhaps the parties will reach an entente over defendants' supplemental document production and the motion will be withdrawn. If not, and the court rules in plaintiff's favor, the motion to extend discovery will be moot. If the court finds defendants have complied, or that some lesser sanction than contempt of the court order is appropriate, some additional time for discovery will be necessary. In this regard, 60 days seems excessive, especially as we do not know what plaintiff has in mind and there is nothing to demonstrate that it is all necessarily dependent on whatever documents plaintiff thinks are missing. As such, it is not appropriate to give plaintiff a two-month card to cash in at a later date at this time. The plaintiff's motion [Dkt. #102] is denied without prejudice to refiling – for a limited reopening of discovery if necessary – once the court has ruled.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 5/5/21

3